# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| JAMES H. TYLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-1340 (JDB) |
| ) | |
| WASHINGTON, D.C. CORRECTION, ) | |
| ) | |
| Defendant.[1] ) | |
| _____ ) | |

## MEMORANDUM OPINION

This matter is before the Court on defendant's Motion to Dismiss [ECF No. 6].  For the reasons discussed below, the motion will be granted.[2]

## I. BACKGROUND

Plaintiff identifies himself as "a 74 year old African American who applied for employment with [the District of Columbia Department of Corrections] as a Correctional Officer in 2007."  Compl. at 1.  Although he claims to have completed a "background investigation, physical agility testing, and all other [required] testing," he alleges that he was not offered employment.  *Id.*  He brings this action under the Age Discrimination in Employment Act ("ADEA"), *see* 29 U.S.C. § 621 *et seq.*, and among other relief, he demands monetary damages of $950 million.  Compl. at 2.

According to defendant, plaintiff filed an administrative charge of discrimination with the

---

[1]  The Court proceeds as if plaintiff named the District of Columbia as the defendant in this case.
[2]  Plaintiff's Motion for Discovery [ECF No. 10] will be denied as moot.

Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued a right to sue notice on August 28, 2008.  *See* Mem. of P. & A. in Support of Mot. to Dismiss Pl.'s Compl. ("Def.'s Mem."), Ex. C (Dismissal and Notice of Rights).  The notice advised plaintiff of his right to "file a lawsuit against the [District of Columbia] under federal law based on this charge in federal or state court . . . within 90 days of [his] receipt of this notice."  *Id*., Ex. C (emphasis removed).

Plaintiff filed a civil action in the Superior Court of the District of Columbia in November 2008, and his claim arose from the District's decision to deny him employment with its Department of Corrections in 2007.  *See id*., Ex. A (Complaint, *Tyler v. District of Columbia Dep't of Corr.*, Civ. No. 8003-08 (D.C. Super. Ct. filed Nov. 12, 2008)); Compl. at 2.  The Superior Court dismissed the complaint, *see generally* Def.'s Mem., Ex. B (Order Denying Plaintiff's Plea to Vacate Judgment, *Tyler v. District of Columbia*, Civ. No. 2008 CA 8003 (D.C. Super. Ct. April 6, 2010)), and the District of Columbia Court of Appeals dismissed his appeal, *see* Compl. at 2.

Initially plaintiff filed his complaint in the United States District Court for the District of Maryland on August 3, 2015.  The matter was transferred to this Court on August 18, 2015.

## II. DISCUSSION

Defendant moves to dismiss the complaint on the ground that plaintiff's claim is barred both by the applicable statute of limitations and under the doctrine of *res judicata*.  The Court addresses each argument in turn.[3]

---

[3]   Because each of the documents beyond the complaint that defendant relies on is properly subject to judicial notice, the Court will not convert defendant's motion to dismiss into a motion for summary judgment.

### A.  Statute of Limitations

Based on the language of the right to sue notice, defendant argues that plaintiff's complaint should have been filed within 90 days of receipt of the notice, which was mailed on August 28, 2008.  Def.'s Mem. at 5.  When plaintiff filed his complaint in the District of Maryland on August 3, 2015, defendant asserts, he missed his deadline "by almost seven years," and therefore the complaint should be dismissed as untimely.  *Id.*

"Plaintiff believe[s] that he is protected [by] the 1986 (Civil Rights Acts) [which] contain no statute of limitations."  Pl.'s Resp. to Def.'s Mot. to Dismiss and Argument [ECF No. 9] ("Pl.'s Opp'n") at 1.  The Court presumes that plaintiff is referring to 42 U.S.C. § 1983, under which he might bring a constitutional claim against the District of Columbia.  His argument is unavailing for two reasons.  First, the basis for plaintiff's claim is the ADEA, *see* Compl. at 1, and the complaint nowhere alleges the violation of a constitutional right.  Second, in any event a claim under § 1983 must be brought within three years, *see, e.g., Proctor v. District of Columbia*, 74 F. Supp. 3d 436, 457 (D.D.C. 2014) ("Since Section 1983 does not have a built-in statute of limitations, the general three-year statute of limitations imposed by District of Columbia law on claims for personal injury, *see* D.C. Code § 12-301(8), applies."), and since plaintiff's cause of action arose in 2007, the limitations period would have expired in 2010, nearly six years ago.

Plaintiff's claims, then, are under the ADEA, and must be dismissed because he failed to file his complaint within the requisite 90-day period.

### B.  Res Judicata

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence."  *U.S. Indus., Inc. v. Blake Constr.*

*Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted).  Under the doctrine of *res*

*judicata* (claim preclusion), a final judgment on the merits in a prior suit involving the same

parties bars a subsequent suit based on the same cause of action.  *See Parklane Hosiery Co. v.*

*Shore*, 439 U.S. 322, 326 n.5 (1979).  In evaluating a cause of action for *res judicata* purposes, it

is the factual nucleus giving rise to a plaintiff's claim, not the legal theory on which the claim

rests, that determines whether the claim is barred.  *Page v. United States*, 729 F.2d 818, 820

(D.C. Cir. 1984).

Defendant demonstrates that plaintiff filed a civil action "in November 2008 in the

Superior Court . . . arising from his denial of employment in 2007."  Def.'s Mem. at 6; *see*

*generally id*., Ex. A.  Because that action arose "out of the same facts (not being hired by the

[Department of Corrections] in 2007)[,] share[s] the same parties ([plaintiff] and the [Department

of Corrections])," and ended with a dismissal on the merits of the claim, defendant argues that

*res judicata* bars the instant civil action.  *Id*.

Plaintiff purports to distinguish this action from his prior case by asserting a civil rights

claim that he had not raised in the Superior Court.  *See* Pl.'s Opp'n at 1.  He states that "[t]he

state court . . . refuse[d] to let [him] exercise his constitutional rights to present his

discrimination claim by throwing . . . out [his prior case]," as did the District of Columbia Court

of Appeals.  *Id*.  However, "where *res judicata* applies, it bars relitigation not only as to all

matters which were determined in the previous litigation, but also as to all matters that might

have been determined."  *Natural Res. Def. Council, Inc. v. Thomas,* 838 F.2d 1224, 1252 (D.C.

Cir. 1988) (citation omitted); *see Allen v. McCurry*, 449 U.S. 90, 94 (1980).  Plaintiff cannot now

introduce a new legal theory in order to proceed in federal court where, as here, the underlying

facts are essentially the same as those alleged in the Superior Court case.  Thus, plaintiff cannot

relitigate in this proceeding "any ground for relief which [he] already [has] had an opportunity to litigate[,] even if [he] chose not to exploit that opportunity," and regardless of the soundness of the earlier judgment.  *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

## III. CONCLUSION

The Court concludes that plaintiff's complaint is untimely filed, and even if it were timely, his claims are barred under the doctrine of *res judicata*.  Accordingly, defendant's motion to dismiss will be granted.  An Order is issued separately.


/s/
JOHN D. BATES
United States District Judge

DATE: May 16, 2016